UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

```
-------------------------------------------------X
                                                 :    Civil Action 07-587(PGS)
COSA MARBLE CO., INC.,                           :
                                                 :
            Plaintiff,                           :
                                                 :
                                                 :    REPORT AND RECOMMENDATION
       v.                                        :
                                                 :
                                                 :
CLASSIC TILE, INC. et al.                        :
                                                 :
            Defendants.                          :
-------------------------------------------------X
```

This matter comes before the Court on the motion of Defendant Everstone Pty, Ltd. ("Everstone") to dismiss the present action against it for lack of personal jurisdiction. This Court will present its opinion via report and recommendation as permitted pursuant to L. Civ. R. 72.1(a). For the reasons set forth herein, it is respectfully recommended that Everstone's motion be denied without prejudice.

### BACKGROUND

The allegations in this case are well known to the parties and will not be repeated here at length. Plaintiff Cosa Marble Co., Inc. ("Cosa") is a New Jersey corporation with a principle place of business at 86-110 Orchard Street, Hackensack, New Jersey and is engaged in the "wholesale distribution of granite and marble." (Compl. ¶ 1). Everstone is an Australian Proprietary Limited Company, headquartered in Sydney, Australia. (Declaration of John Zeng ("Zeng Dec.") ¶ 4).

Cosa alleges that it has developed a significant valuable specialty, i.e., "the production and sale of tile incorporating unique mosaic designs, including medallions and borders used for, among other things, wall and floor tile." (Certification of Arthur Eshaghpour ("Eshaghpour Cert.") ¶¶ 8-9). Cosa holds registered copyrights for six of its designs. (*Id*.).

Sometime in December 2006, Cosa allegedly discovered that Defendant Classic Tile and Mosaics, Inc. ("Classic") was selling infringing copies of Cosa's mosaic tile designs. (Compl. ¶ 14). Cosa states that when it confronted Classic regarding the infringement, Classic asserted that it has purchased the infringing products from a company in China. (Eshaghpour Cert. at ¶¶ 5-6).

On February 5, 2007, Cosa filed suit against Classic, Classic's principals and John and Jane Doe Defendants alleging, among other things, violations of the Federal Copyright Act. On February 6, 2007, Judge Sheridan ordered Defendants to show cause as to why a preliminary injunction should not be granted. (Docket Entry #1). Arguments were held on this matter on February 7, 2007, and Judge Sheridan entered an Order to Show Cause with temporary restraints on February 9, 2007, that called for expedited discovery, the seizing of goods and a preliminary injunction hearing on June 4, 2007. (Docket Entry # 6).

Cosa asserts that on February 16, 2007, Classic's President, Vincent Cullinan, filed a Declaration with the Court in which he stated that the infringing mosaic tiles were purchased from Everstsone. (Eshaghpour Certification, Ex A. (Cullinan Declaration)).[1] Cullinan's Declaration includes what appears to be purchase orders submitted by Classic to Everstone in

---

[1] The Cullinan Declaration is neither on the docket nor in the Court's hard file. However, this Court will accept as true, that Mr. Cullinan's Declaration was sent to this Court.

August and November of 2006.² (*Id*.). Based on Mr. Cullinan's Declaration, on April 18, 2007, Cosa filed an Amended Complaint to include Everstone as a Defendant. (Docket Entry # 9). The Summons and Amended Complaint were served on Everstone at the "Coverings" Trade Show in Chicago, Illinois. (Docket Entry # 12).

On June 7, 2007, Everstone filed the present Motion to Dismiss. On July 19, 2007, Cosa filed a Stipulation of and Order of dismissal with prejudice as to Defendants Classic Tile and Mosaic, Inc., Vincent Cullinan and Bonnie Cullinan. Everstone is now the only remaining Defendant.

## PARTIES' ARGUMENTS

Everstone asserts that this Court lacks personal jurisdiction over it in that the Complaint is devoid of any allegations that Everstone has engaged in continuous and systematic contacts with the state of New Jersey. (Everstone's Memorandum ISO Motion to Dismiss at 1). Everstone also asserts that the Court lacks specific jurisdiction over it as there are no allegations in the Complaint regarding any contacts by Everstone with the state of New Jersey. (*Id*.). Specifically, Everstone asserts that: it has not conducted any business in the United States since January 2006; it does not own, operate or maintain a manufacturing facility, office, or any other business in the State of New Jersey; it has never owned real or personal property in New Jersey

---

² Everstone disputes the veracity of these purchase orders, indicates to the Court that the purchase orders have not been authenticated and asserts that the purchase orders were, in fact, produced by Classic. The Court has reviewed the purchase orders and notes that they do appear to be documents created by Classic as they contain advertising information for Classic in the bottom left hand corner. Moreover, there is no evidence that the purchase orders were ever sent to or reviewed by anyone at Everstone. They are signed by neither a representative of Classic nor Everstone. Critically, the purchase orders have not been authenticated. The Declaration of Mr. Cullinan, as to the purchase orders simply states that they are true and accurate copies of purchase orders pertaining to the borders that Classic has purchased. He offers no information regarding who produced them, who reviewed them and ultimately what they were used for. Therefore, without more, this Court cannot rely on the purchase orders as evidence supporting personal jurisdiction in this matter.

nor has it maintained bank accounts or lines of credit in New Jersey; it does not employ any corporation, partnership or individual in New Jersey; it does not conduct business in New Jersey; it does not have a registered agent in New Jersey; it has never sold any of its products in New Jersey; and it does not conduct any targeted marketing or advertising in New Jersey. (*Id*. at 2).

Cosa argues that Everstone has maintained sufficient minium contacts with New Jersey to satisfy the personal jurisdiction requirements and cross-moves for jurisdictional discovery. Specifically, Cosa argues that since Everstone recently displayed its products at "Coverings", a major trade show in Chicago, which was attended by many New Jersey tile distributors and retailers, there is sufficient evidence to support personal jurisdiction. (Eshaghpour Cert. ¶¶ 14-17). Moreover, Cosa argues that Everstone is also targeting the U.S. market through trade press advertisements distributed in New Jersey and elsewhere. (*Id*.). Finally Cosa alleges that in California, Everstone sold Classic tiles infringing on Cosa's registered copyright design. (*Id*.).

## **DISCUSSION**

Whether a court can exercise personal jurisdiction depends on "the relationship among the defendant, the forum, and the litigation." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). An exercise of personal jurisdiction must satisfy the defendant's due process rights, which requires "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be either general or specific. *Jacobs v. Walt Disney World, Co.*, 707 A.2d 477, 481 (N.J. Super. Ct. App. Div. 1998). Specific jurisdiction is established when the cause of action arises directly out of the defendant's contacts with the forum. *Waste Mgmt.,*

*Inc. v. Admiral Ins. Co.*, 649 A.2d 379, 385 (N.J. 1994).  Contacts with the forum can include acts by an out-of-state defendant who directs an "effect" on the plaintiff in the forum.  *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 148 (3d Cir. 1992).  Alternatively, general jurisdiction is established when the defendant engages in "continuous and systematic activities in the forum" that may be unrelated to the cause of action.  *Waste Mgmt.*, 649 A.2d at 385.

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous."  *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).  If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992), the plaintiff's right to conduct jurisdictional discovery  should be sustained.  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

"Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Id; See also In re Auto. Refinishing Paint Antitrust Litig.*, 2002 U.S. Dist. LEXIS 15099, 2002 WL 31261330, at *9 (E.D. Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.*, 968 F. Supp. 996, 1001 (D.N.J. 1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of

whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc*., 1989 U.S. Dist. LEXIS 13605, 1989 WL 136277, at *1 (E.D. Pa. Nov. 8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts).

As stated above, Cosa has provided at least some evidence that Everstone engages in business in this country which ultimately reaches the citizens of New Jersey.[3] Cosa's assertion that Everstone was not only an exhibitor but was selling its product at the "Coverings" convention in Chicago, Illinois, is a sufficient factual allegation "with reasonable particularity" as to the possible existence of the requisite "contacts between [the party] and the forum state." *Mellon Bank*, 960 F.2d at 1223. Critically, a representative from Cosa actually attended the conference, and spoke directly with a representative of Everstone. (Eshaghpour Cert. ¶ 15). Moreover, Everstone was actually served with the Summons and Complaint in this matter at the "Coverings" convention. (Id. at ¶ 17). Cosa's assertions, if taken as true, seem to suggest that Everstone has had some contact with the forum state. However, it is unclear whether Everstone's presence at the "Coverings" convention rises to the level of "minium contacts". Where the Court is equally as confused as Cosa about the relationship between Everstone and the forum state, Cosa's claim cannot be clearly frivolous. *See Massachusetts School of Law at Andover,* 107 F.3d 1026 at 1042.

There is insufficient evidence before this Court to determine the full extent of the

---

[3] Cosa has also asserted that Everstone regularly advertises in several of the most widely distributed trade journals that are circulated in New Jersey and has also provided evidence of purchase orders suggesting a direct link between Everstone and New Jersey. Neither of these assertions were supported by sufficient evidence for this Court to consider their impact on the personal jurisdiction analysis at this time.

relationship between Everstone and New Jersey to determine whether such relationship rises to the level of minium contacts and hence gives this Court personal jurisdiction. Therefore, the Court respectfully recommends that Everstone's Motion to Dismiss be denied without prejudice pending discovery on jurisdiction.

## **CONCLUSION**

     For the reasons set forth above, it is respectfully recommended that Everstone's Motion to Dismiss be denied without prejudice pending discovery on jurisdiction.


                                           s/ Esther Salas
                                           **ESTHER SALAS**
                                           **UNITED STATES MAGISTRATE JUDGE**